CATHERINE ERNY, Appellant, v. ROLLA WELLS, Receiver of United Railways Company of St. Louis.—293 S. W. 119.

Division One, February 16, 1927.

**NEGLIGENCE: Instruction: Hypothesizing Facts Not Shown by Evidence: Relation of Passenger and Carrier: Acceptance of Invitation.** An instruction which does not hypothesize a state of facts shown by either plaintiff or defendant is erroneous. And where the question whether the relation of passenger and carrier existed was a sharply contested issue, an instruction for defendant drawn for a case where the would-be passenger signals a street car to stop at a place where cars do not usually stop, and are not required by ordinance to stop, to receive passengers, and telling the jury that the issue is, did the car move forward while plaintiff was in the act of boarding it, or were the doors closed or the step raised while she was in the act of boarding? and that in determining this question they must find, before they can find for plaintiff, that she presented herself and indicated her purpose of becoming a passenger before the car started and that defendant accepted her as a passenger and thereafter, while she was in the act of boarding the standing car, the car was caused to move forward or the doors were closed or the step raised, is such an instruction, where the car was already standing still, and the evidence for plaintiff was that the conductor of the car signaled her to board and opened the rear doors to enable her to do so, and she attempted to get aboard and as she put her foot upon the step the doors were closed and the car started and her foot was caught and she was dragged, and on defendant's part that the doors had been opened before she appeared in the vicinity and remained opened, that no signal was given her, and that she attempted to board after the car had started. Under such evidence no case was made authorizing such an instruction. If plaintiff's evidence was true, the relation of passenger and carrier existed from the time she signified her acceptance of defendant's invitation to board the car while it was still standing with the doors open, and was not dependent upon some further act of acceptance of her by defendant, and yet the instruction may have misled the jury to believe that proof of a further act of acceptance was necessary.

Corpus Juris-Cyc. References: **Carriers,** 10 C. J., Section 1041, p. 617, n. 54; Section 1474, p. 1081, n. 67.

Appeal from Circuit Court of City of St. Louis.—*Hon. George E. Mix,* Judge.

REVERSED AND REMANDED.

*N. Murray Edwards* and *John V. Lee* for appellant.

(1)   The pleading and proof created the relation of passenger and carrier.   Joyce v. Railway, 219 Mo. 372; Vrooman v. Harvey, 197 S. W. 118; Nolan v. Met. St. Ry. Co., 250 Mo. 602; O'Mara v. Transit Co., 102 Mo. App. 202.   (2)   So considered, instruction numbered

seven for defendant was reversible error for the reasons: (a) In submitting a question of law to the jury; (b) being in direct conflict with the main instruction, numbered one, for plaintiff; (c) permitting and allowing the jury to guess at the right or wrong rule; (d) leaving the jury to their own notion of the law to an undisclosed state of facts. Hickey v. Ryan, 15 Mo. 63; Massey v. Tingle, 29 Mo. 437; Jordan v. Hannibal, 87 Mo. 673; Albert v. Bessel, 88 Mo. 150; River Co. v. Warner, 93 Mo. 384; Gurley v. Ry. Co., 93 Mo. 445; Lynch v. Railway, 112 Mo. 420; Howell v. Davis, 236 S. W. (Mo. App.) 889; Seago v. Realty Co., 185 Mo. App. 292. (3) A case which should go to the jury must go under proper instructions; erroneous instructions are presumed prejudicial. Brunswick v. Ins. Co., 278 Mo. 176; Coke Co. v. Ellison, 270 Mo. 645; Jones v. Pulitzer Pub. Co., 240 Mo. 200; Morris v. Railway Co., 144 Mo. 500; Gannon v. Laclede Gas Co., 145 Mo. 502.

*T. E. Francis, W. H. Woodward* and *E. C. Adkins* for respondent.

(1) Plaintiff was not a passenger. McCarthy v. Railroad, 105 Mo. App. 596; Speaks v. Metro., 179 Mo. App. 323; Galloway v. K. C. Rys. Co., 233 S. W. 385; Schepers v. Union D. Railroad Co., 126 Mo. 665; Meriwether v. Railroad, 45 Mo. App. 53; Banks v. Ry., 280 Mo. 227. (2) So considered, instruction numbered 7 was a proper instruction. Banks v. Ry., 280 Mo. 227. Also cases supra.

ATWOOD, J.—This is an appeal from a verdict and judgment for defendant in an action for personal injuries. Appellant assigns error in the giving of instruction seven for defendant and instruction eight of the court's own motion.

Plaintiff went to trial on her amended petition, which charged defendant with negligence in the operation of a northbound Bellefontaine street car in the city of St. Louis. The petition alleges that defendant, his agents, servants and employees stopped said car on Eighteenth Street a short distance south of its intersection with Ann Avenue, where plaintiff was standing expecting to board said car and become a passenger, opened the rear door of said street car and thereby invited plaintiff to board said street car through said rear door; that while plaintiff was attempting to so board said car, defendant, his agents, servants and employees in charge of and operating said car "negligently caused, suffered and permitted said street car to be put in motion and to move, and negligently caused, suffered and permitted the step of said street car at said door to ascend and fold and said rear door to close, and thereby caused plaintiff to be thrown to the paved street and injured." The petition further charged that defendant, his agents, servants and em-

ployees in charge of and operating said street car "negligently failed to have said street car remain stationary for a sufficient length of time to enable passengers and the plaintiff to safely board such street car," in violation of a certain city ordinance; "negligently suffered and permitted said street car to be put in motion while plaintiff was in the act of boarding said street car, without warning plaintiff that said street car was about to move or be put in motion;" negligently caused and suffered said rear door to close "while plaintiff was attempting to board said street car;" "negligently caused, suffered and permitted said step at said rear door to ascend and fold while plaintiff was in the act of boarding said street car;" and that they "knew that plaintiff had started to board said street car through said rear door, and that she was then and there in a place of danger of being injured if said car were put in motion, and negligently failed to use the highest degree of care which a very careful person would have used under like or similar circumstances, to prevent said car from being put in motion and to have avoided throwing plaintiff to the street and injuring her."

Defendant's answer was a general denial, coupled with a plea of contributory negligence, and plaintiff replied with a general denial of the allegations set up in the answer.

We gather from the evidence adduced in behalf of plaintiff that at the time she received the alleged injuries she was about 31 years of age, resided at 2208 South Eighteenth Street, St. Louis, and earned from twenty to twenty-one dollars each week; that on the 24th day of May, 1922, about 7:30 A. M., plaintiff was standing at the curb on the east side of South Eighteenth Street, at Ann Avenue, waiting for a northbound Bellefontaine street car; that a man was standing beside her on the curb at the time; that a Cherokee car was standing just south of the street intersection taking on air when the Bellefontaine car approached from the south and stopped on the same track a few feet to the rear of the Cherokee car; that the conductor of the Bellefontaine car knocked on the window and "motioned for us to come to get on the car;" that the man preceded her to the car and when the conductor opened the rear door got aboard; that she had her right foot on the step and her left foot just on the edge of the platform when the car sprang forward with a sudden jerk, and she was thrown to the street in a twisted position and dragged; that with the assistance of her daughter she returned to her home, and that the street car conductor after a time followed plaintiff and her daughter into the house; that previous to the accident plaintiff had been in the habit of riding the same street car nearly every morning as she went to work at the same hour; that she did not intend to board the Bellefontaine street car where it was stopped, because, as a general rule, she got aboard "right down where the Cher-

okee car always stops," but when the conductor knocked on the window and motioned "for us to come on" both plaintiff and the man standing there with her walked toward the car and he got aboard; that her daughter was standing there "right on the sidewalk." Plaintiff's daughter Florence testified that she had accompanied her mother from the house and saw what happened; that she and her mother "stood at the curb along with a man" standing next to them, and that the Cherokee car at the time was taking on air and the Bellefontaine car coming up; that the Bellefontaine car stopped behind the Cherokee car; that the conductor knocked on the window and by that "drew the attention of my mother and this man and myself;" that the man walked in front and preceded her mother on the street car; that she saw her mother in the act of attempting to board the car and then saw her fall to the street and dragged; that she helped her mother to her feet and assisted her into the house; that shortly afterward the conductor of the Bellefontaine car came into the house. Aside from the medical proof there was no other testimony offered by the plaintiff.

Counsel for respondent thus sums up the evidence given in behalf of defendant:

"The defendant's evidence showed that this northbound Bellefontaine car stopped within a few feet of the rear of the Cherokee car, which was stopped at Eighteenth and Ann Avenue, taking air; that this Bellefontaine car was very crowded, both in the body of the car and on the rear platform; that while this car was stopped three men came to the rear door of this car and asked the conductor to open the door, calling him by name; the conductor opened the rear door for them to board the car, and these three men boarded the car, and then the conductor closed the rear exit door; at this time plaintiff was not in sight; the crowded condition of the back platform prevented the conductor from completely closing the rear exit door, and when the rear doors were from six to eight inches of being closed, the conductor, seeing he could not close the door any further, owing to the crowded condition of the platform, gave the signal to the motorman to go ahead, and the car started. The conductor denied knocking on the window or beckoning anyone to board his car. Other witnesses on the car stated that they did not see the conductor at any time knock on the window or beckon or motion anyone on the street or sidewalk to board the car; that plaintiff was not seen by anyone when the door was opened, admitting these three gentlemen, and that when the signal was given to proceed and the door closed, she was seen for the first time leaving her home, directly east of this car on Eighteenth Street, and running to catch this car; that before she reached the street the car had started and the doors were closed as above stated; that while the car was in mo-

316 Mo.—51.

tion she ran towards the rear end of the street car, put her arm in between the rear exit doors and tried to board the car while it was in motion, but fell to the street and was injured; that the car was stopped immediately, and the conductor left the car, but before he could reach her, she had gotten up and ran into her house unassisted; he followed her and obtained her name and inquired if she was hurt; he then returned to his car and the car proceeded on its way downtown.''

There was a verdict for defendant, signed by nine jurors, and plaintiff's motions for a new trial and in arrest being overruled, this appeal was perfected.

Appellant assigns error in the giving of instruction numbered seven at the instance and request of defendant, which instruction is as follows:

''7.   The first question for your determination in this case is: Was the defendant guilty of the particular acts of negligence charged against him, that is, did the car move forward while plaintiff was in the act of boarding or were the doors closed or the step raised while she was in the act of boarding?   In determining this question you are instructed that you must find the following facts before you can find the defendant guilty of negligence:

''You must first find that the plaintiff presented herself and indicated her purpose of becoming a passenger before the car started and that the defendant accepted her as a passenger and that thereafter, while she was in the act of boarding the standing car, the car was caused to move forward or that the doors were closed or the steps raised.

''If the defendant was not guilty of any of the particular acts of negligence above set out then he is not liable and your verdict must be for the defendant, regardless of the fact that plaintiff was injured.''

Appellant contends that the giving of the foregoing instruction caused an erroneous submission of the question whether or not at the time plaintiff received her alleged injuries the relation of passenger and carrier existed between plaintiff and defendant.   On this question plaintiff's given instruction numbered 1 reflected her theory as follows:

''1.   The court instructs the jury, if you find and believe from the evidence in this case that, in the city of St. Louis, Missouri, on the 25th day of May, 1922, defendant was engaged in the business of transporting passengers for hire in street cars; that on said day, defendant operated a northbound Bellefontaine street car, mentioned in the evidence, and stopped said street car at or near the intersection of 18th Street with Ann Avenue in the city of St. Louis, at the place where plaintiff was standing, and opened the rear door

thereof, and thereby invited plaintiff to board said street car through said rear door, and that while said street car was standing still (if you do so find), plaintiff, with the intention of becoming a passenger on said street car, proceeded to board the same as quickly as she reasonably could, and was in the act of boarding the same through said rear door, and was then and there exercising ordinary care for her own safety, and if you further find from the evidence that defendant's servants in charge of and operating said street car knew, or by the exercise of the highest practical degree of care that a very careful person would have used under like or similar circumstances, could have known that plaintiff had started to board said street car through said rear door, and that she was then and there in a place of danger of being injured if said street car was put in motion, and if you further find that before plaintiff reached a position of safety on said street car, defendant's servants in charge of said street car caused or suffered said street car to be put in motion and to move, and caused or suffered the step of said street car at said rear door to ascend and fold, and said rear door to close (if you do so find), and in so doing defendant was guilty of negligence (if you do so find), and thereby caused plaintiff to be thrown to the street, injuring her, then you will find your verdict in favor of plaintiff and against defendant in this case.''

On the same question defendant's theory was stated in its given instructions numbered 5 and 6, as follows:

''5. If you find and believe from the evidence in this case that a Cherokee car was stopped at or near the regular stopping place at 18th and Ann and that a Bellefontaine car came up behind said car and that thereafter some men approached the rear of said Bellefontaine car and asked to be allowed to board and that thereafter the defendant opened the door and permitted them to board and that he thereafter started to close said door and gave the signal to start and that the car did start and that during all that time plaintiff had not presented herself or indicated her purpose to board the car but that thereafter she came from her house and attempted to board said car and in attempting so to do, fell and was injured, then your verdict must be against the plaintiff and in favor of the defendant.''

''6. You are instructed as a matter of law when a car comes to a stop and its doors are open for the purpose of receiving passengers that constitutes an invitation to all persons who are then standing there and who have signified their intention of becoming passengers and the invitation is only extended to such persons and is not extended to persons who are not there and who do not arrive at such point before the signal to start is given and the doors closed.''

"Therefore, if you find and believe, in the present case, that the plaintiff did not present herself at or near the rear door of the car for the purpose of boarding same before the signal start was given and before the car started but that at the time the car started she was still upon the sidewalk and thereafter attempted to board the moving car, then your verdict must be for the defendant."

Whether or not the relation of passenger and carrier ever existed on this occasion between plaintiff and defendant was a sharply contested issue. When the trial judge overruled defendant's demurrer to the evidence this question became one for the jury under proper instructions. Instruction Number 1 fully and fairly presented plaintiff's theory, and instructions numbered 5 and 6 were given on defendant's theory of this phase of the case. But Instruction Number Seven does not hypothesize a state of facts shown by either plaintiff or defendant. It appears to have been drawn for a case where the would-be passenger signals for a car to stop at a place where cars do not usually stop and are not required by ordinance to stop to receive passengers. In such a case "he becomes a passenger if there is a definite response on the part of the motorman to his signal indicating his desire to get aboard, and if the car is stopped or slowed down, so that it safely may be done, and the attempt is made." [Vrooman v. Harvey, 197 S. W. l. c. 120.] This is no such case. Here defendant, of his own volition and not in response to any signal from plaintiff stopped the car, and according to plaintiff's testimony signalled plaintiff and the man standing beside her on the curb to board this car and opened the rear door to enable them to do so. They signified their acceptance of this clear invitation by immediately walking toward the open door of the standing car and commencing to enter. The contract of carriage was obviously completed when plaintiff accepted defendant's invitation to board the car. There was no testimony that "plaintiff presented herself and indicated her purpose of becoming a passenger," and that defendant then "accepted her as a passenger," and yet Instruction Number 7 rather strongly implies this sequence of events. If plaintiff's evidence was to be believed the jury had a right to find that the relation of passenger and carrier existed from the time plaintiff signified her acceptance of defendant's invitation by attempting to board the car while standing still with the door open, and was not dependent upon some further act of acceptance of her by defendant. There was no evidence of any further act whereby "defendant accepted her as a passenger," nor was such necessary under the circumstances shown, and yet under this instruction the jury might have reasonably concluded that proof of such fact was essential to plaintiff's case. This part of the instruction was plainly misleading and prejudicial.

Appellant also complains of the giving of Instruction Number 8. It appears to be in the usual form defining "ordinary care," and in and of itself presents no ground of reversible error.

Because of what we deem to be prejudicial error as above stated in the giving of Instruction Number 7 the judgment should be reversed and the case remanded for a new trial. It is so ordered. All concur, except *Gantt, J.,* not sitting.